# DAKOTA COFFEE COMPANY, a Corporation, Respondent, v. MARTIN E. JOHNSON, Appellant.

(178 N. W. 291.)

**Sales — evidence held to sustain verdict for price — whether there was a sale held a question for jury.**

1. Plaintiff brought this action to recover for the agreed purchase price of

certain machinery, goods, wares, and merchandise, which it claimed to have sold defendant for the consideration mentioned in a certain bill of sale.

Defendant maintained that the price mentioned in the bill of sale was larger than he agreed to pay, and he also adduced testimony to support a defense not pleaded, viz., that he had not purchased the property, but was merely financing the business.

Whether or not there was a sale, or whether defendant was merely financing the business, was a question of fact for the jury. Its verdict was in favor of plaintiff. It is *held,* there is substantial evidence to sustain the verdict.

**Evidence — in corporation's action for merchandise sold, minutes of a meeting showing defendant's offer to buy merchandise were admissible.**

2. It is *held,* in the circumstances of this case, the court did not err in admitting in evidence the minutes of a certain stockholders' meeting of the plaintiff corporation, it appearing that defendant was present at such meeting, and knew, or must be held to have known, what transpired at such meeting.

Opinion filed May 25, 1920.

Appeal from a judgment of the District Court of Cass County, Honorable *C. M. Cooley,* Judge.

Judgment affirmed.

*T. A. Francis* and *M. A. Hildreth,* for appellant.

Self-serving declarations are not admissible in the trial of a cause. That rule has always been applied to the records of a corporation. 3 Jones, Ev. Blue Book, 516a.

"Entries, of course, in the corporate books, are evidence against the directors and stockholders, but not in their favor." Abbott, Trial Ev. p. 52, ¶ 66, and cases cited in footnote; Grayville v. New York C. & H. R. R. Co. 34 Hun, 226; 3 Cook, Corp. 6th ed. p. 2380; Jacobs v. Morganthaler, 112 N. W. 492; Drake Coal Co. v. Groze, 130 N. W. 357. In that case Stone, Judge, said: "A corporation cannot, as a party, introduce as evidence the unsworn declaration in its favor of one of its officers." 16 Cyc. 1206; Johnson v. Spoonheim, 123 N. W. 833; Harrison-Remington Case, 3 L.R.A. (N.S.) 956.

*Pierce, Tenneson, & Cupler,* for respondent.

Even the directors of a corporation are not ordinarily authorized to make sale of the entire business and property of the corporation. 7 R. C. L. pp. 641, 646; 3 Fletcher, Cyc. Corp. § 1998, p. 3175.

A party dealing with the agent of a corporation must, at his peril, as-

certain what authority the agent possesses.   Smith v. Courant Pub. Co.
23 N. D. 297, 136 N. W. 781; Des Moines Mfg. & Sup. Co. v. Tilford,
9 S. D. 542, 70 N. W. 839; 7 R. C. L. pp. 625, 626.

"An agent cannot properly act for his principal when their interests
are adverse."   7 R. C. L. p. 626; Comp. Laws 1913, § 4560.

"Statutory provisions requiring corporations to keep a record of their
transactions or proceedings have been held to make such records the best
evidence."   4 Fletcher, Cyc. Corp. § 2973m, p. 4048, note 46; cases
cited in note to Eureka Min. Co. v. Bullion Min. Co. 125 Am. St. Rep.
843; 1 Abb. Trial Ev. 3d ed. § 54, pp. 149, 150.

The books of account of a corporation are admissible to prove a debt
due the corporation when identified as provided by § 7909, Comp. Laws
1913.   Great West L. Ins. Co. v. Shumway, 25 N. D. 268, 141 N. W.
479; Haley & L. Co. v. Delvichic, 36 S. D. 64, 153 N. W. 898, L.R.A.
1916B, 631, note.

Corporate records are admitted not as conclusive evidence of the fact,
but to be submitted to the jury with all the other evidence pertinent to
the issue.   Kitman v. C. B. & W. R. Co. (Minn.) 129 N. W. 844; St.
Louis & S. F. R. Co. v. Sutton, 169 Ala. 389, 55 So. 989, Ann. Cas.
1912B, 366; Chesapeake & O. R. Co. v. Stojanski, 191 Fed. 720; Prid-
more v. Chicago, R. I. & P. R. Co. 192 Ill. App. 446, affirmed in 114 N.
E. 176; Big River Lead Co. v. St. Louis, I. M. & S. R. Co. 123 Mo. App.
394, 101 S. W. 636; Trowbridge v. Kansas City & W. B. R. Co. 192
Mo. App. 52, 179 S. W. 777, also note in 125 Am. St. Rep. 856.

The verdict of the jury having substantial support in the evidence,
the appellate court will not weigh the conflicting evidence, nor disturb
the order of the trial court denying plaintiff's motion for a new trial.
Casey v. First Nat. Bank, 20 N. D. 211, 126 N. W. 1011.

GRACE, J.   This is an appeal from a judgment.   The action was
one by plaintiff to recover $1,320.19, which it claimed was the agreed
price of goods, wares, and merchandise sold by it to the defendant.

The defendant maintains that he made a verbal agreement with the
plaintiff, through one Jacobson, the agent of plaintiff, whereby, for a
consideration of $3,000, he purchased from plaintiff the entire stock of
goods, consisting of tea, coffee, spices, etc., and all of the machinery,

fixtures, and tools used in the business of the Dakota Coffee Company. He claims to have paid plaintiff the sum of $3,000.

The plaintiff claims that the agreed purchase price of the machinery, fixtures, tools, etc., and the merchandise, was $4,320.19, $3,000 of which was for the machinery and tools, etc., and the remainder (amount for which suit is brought), the price of the merchandise.

The plaintiff executed and delivered to the defendant a bill of sale of the property above mentioned, and the consideration therein mentioned is $4,321.71.

Whether the consideration for the property was the amount mentioned in the bill of sale, or the amount of $3,000, as claimed by plaintiff, was a question of fact for the jury. In other words, whether a contract was made by defendant, to pay plaintiff for such property, the sum of $4,320.19 or $3,000, was a question of fact for the jury.

It decided that the contract was for the former amount. We think there is substantial evidence to support the verdict of the jury. The jury having thus decided, the question is not whether the verdict is sustained by a fair preponderance of the evidence, but whether there is any substantial evidence to sustain it.

The bill of sale having been properly and legally executed and delivered, and the consideration for the sale being therein stated, it is some evidence of a sale of the property for that amount.

One Jacobson was the secretary of the plaintiff corporation. He testified that the terms of sale agreed upon between him and Johnson was $3,000, for the machinery, fixtures, etc., and for the stock of merchandise, invoice price, which amounted to $1,321.71. The inventory of the merchandise was attached to the bill of sale.

It appears from the defendant's evidence, that, after the transaction, the business was moved to Moorhead, after which the defendant signed all the checks in payment of bills; that thereafter the letterheads of the Dakota Coffee Company had printed thereon the name of M. E. Johnson, Proprietor; that Jacobson was there employed on a salary at $100 per month and expenses, which salary and expenses were paid by the defendant, and that arrangement continued until April 5, 1919, when the defendant gave a bill of sale to Jacobson's wife, of the machinery, fixtures, tools, scales, and other of the property involved in this action.

On April 7, 1919, Jacobson gave his note for $1,000 to the First

45 N. D.—28.

State Bank of Moorhead, and the payment of the same was guaranteed by Anna P. Jacobson, his wife.

There is in evidence an unilateral agreement, signed only by the defendant, which bears date May 5, 1917, which purports to be made between the defendant and Jacobson, and which sets out that Johnson was to finance the purchase of the stock, furniture, machinery, and good will of the Dakota Coffee Company, and to advance certain money in carrying that business on, to the extent of the sum of $5,000.

On the 5th day of May, 1917, Jacobson assigned to Johnson two certain insurance policies, aggregating $3,000, subject to loans made on the policies, to the amount of $582.

The minutes of the records of the plaintiff corporation show that a meeting was held at 2 o'clock, on the 3d day of May, 1917. At that meeting the manager, Jacobson, rendered a statement of the business; that statement including the cash on hand, money in bank, accounts receivable, merchandise then on hand, and the offer of the defendant on the machinery and fixtures showed assets aggregating $12,380.46. The indebtedness was shown to be $11,370.92.

Those records further show that the manager stated that he had an offer of $3,000 for machinery, fixtures, etc., and $1,321.71 for merchandise on hand, April 30th.

It is further shown that at this meeting the stockholders approved this offer, and authorized Jacobson to sell to Johnson upon the terms stated. Johnson was present at this meeting.

The unilateral agreement above mentioned, and the assignment of the insurance policies, are offered by the defendant, as evidence in support of his claim, that he had never purchased the property in question, but was only financing the business, and that the bill of sale, which he received for the property, was only taken as security.

As we view the matter, whether the defendant made an absolute purchase of the property in question, or whether he was merely financing the business, as he claims, was a question of fact for the jury. It found a verdict in plaintiff's favor for $1,597.50. It thus must have found that the defendant purchased the property, and the verdict was for the value of the goods, as shown by the inventory.

It is conceded that the defendant had theretofore paid the plaintiff the sum of $3,000.

The appellant strenuously contends that it was error for the court to permit to be introduced in evidence the minutes of the special meeting of the stockholders of the plaintiff corporation, which was held on May 3d, on the ground that, while the books of the corporation are evidence against it, they are rarely, if ever, evidence in favor of it; and that such evidence is of a self-serving character.

Perhaps the general rule is as plaintiff claims, and that, perhaps, the books and records of the corporation are not evidence against a stranger, or a stockholder claiming adversely to it; and that entries in corporate books are evidence against the directors and stockholders, but not in their favor.

The case of Harrison v. Remington Paper Co. 3 L.R.A.(N.S.) 954, 72 C. C. A. 405, 140 Fed. 385, 5 Ann. Cas. 314, supports defendant's contention. Other authority cited by the defendant is Oregon & C. R. Co. v. Grubissich, 124 C. C. A. 375, 206 Fed. 577; 3 Cook, Corp. 6th ed. p. 2380; Jacobs v. Morgenthaler, 149 Mich. 1, 112 N. W. 492.

We think, however, the facts in this case are such that the case does not come within the rule upheld by the authority cited by appellant, above mentioned. It is to be remembered that there is competent testimony of a tentative arrangement by and between Jacobson, agent of plaintiff, and the defendant, prior to May 3d, whereby the purchase price of the property in question was agreed to be $3,000 for the machinery, etc., and $1,320.71, price of the merchandise.

This offer or arrangement was reported by Jacobson at the special meeting of the stockholders, on May 3d, at which defendant was present; and thereafter, on May 5th, the bill of sale was executed by the plaintiff corporation to defendant, the consideration of which was exactly the amount agreed upon by the tentative arrangement referred to above, which, by the stockholders, was ratified in the presence of defendant, at the special meeting.

We think there is sufficient evidence to show that he did know and understand what occurred at the special meeting on May 3d.

In the circumstances we have mentioned, and existing in this case, we think it was not error to receive in evidence the minutes of the stockholders' meeting of May 3d, and that it was proper to submit them, together with all other evidence bearing upon the question of the sale of

the.property, to the jury, so that it might determine, as a question of fact, whether or not a sale of the property, to the defendant, was made.

In this connection it may be well to note that, in his answer, the defendant alleges that he purchased, from Jacobson, all of the property in question, and that he agreed to pay the sum of $3,000 therefor, and that he has wholly paid it.

At the trial, however, he seems to have repudiated the allegations of his answer, and did not introduce evidence in support thereof, but, on the contrary, introduced evidence of a defense not pleaded, to wit, that he did not buy the property, but was merely financing the business.

If it should be conceded that the rules relative to the amendment of pleadings could be so liberally construed, as to authorize the trial court to grant defendant's motion that his pleading be amended to correspond with the proof, and if that were done, we do not see how it would be of any material benefit to defendant, as it would still be a question of fact for the jury to decide, whether or not defendant purchased the property, or was financing the business, in the way to which he testified.

The verdict of the jury being in plaintiff's favor, it must have necessarily decided that defendant purchased the property in question, and at the price mentioned in the bill of sale.

The appellant has set forth forty-six assignments of error, largely relating to the reception or exclusion of certain evidence and certain offers of evidence, and the denial of certain motions made during the course of the trial.

Manifestly, we cannot discuss each of the assignments. It would make this opinion of undue length. Each of the errors assigned have been examined and considered, and none are found to be prejudicial and reversible.

The instructions given by the trial court are without reversible error. This is the second trial of this case to a jury. That the defendant has had a full and fair trial, there can be no doubt; and in this case his own testimony is sufficient and substantial evidence in support of the verdict; and, in view of his own testimony, it is difficult to perceive how another jury, in case a new trial were granted, could arrive at any other verdict than the jury did in this case.

The judgment appealed from is affirmed. Respondent is entitled to his costs and disbursements on appeal.